JOHN H. BLAIN v. F. E. McMANUS.

(No. 5399.)

CITATION.— Service on defendant in conformity with Revised Stat-
utes, articles 1230–1233. The facts stated in the officer's return
of service, supported by his affidavit, not being controverted,
.held good.

APPEAL from Nueces county. Opinion by WALKER, P. J.

Where the defendant is a citizen of this state, and not a
non-resident, and is served with notice and a certified copy
of the plaintiff's petition, in conformity with articles 1230,
1231, 1232 and 1233, Revised Statutes, the truth of the
facts stated in the officer's return of service, supported by
his affidavit, not being controverted, their verity must be
assumed as undisputed facts, and plaintiff was entitled to
judgment by default for want of an answer upon the call
of the appearance docket or at any time after appearance
day. Art. 1282, R. S. The competency and disinterested-
ness of the party performing the service is presumed. Jones
v. Jones, 60 Tex., 451. Where the defendant was cited
December 10, 1883, the appearance day being December
14, 1883, and he filed no answer until judgment by default
was asked for, and nearly three weeks afterward, and dur-
ing the same term of court, the judgment was *prima facie*
regular, and was not affected by an answer filed after its
rendition, unless for causes requiring it to be set aside.
The validity of the service does not depend upon the offi-
cial character of the person who served the notice, nor
upon any other test of qualification than that prescribed by
statute. It is within the discretion of the court to permit
the notice to be withdrawn from the record to enable the
person who made the return to correct any informality
therein. Arts. 1233, 1239, R. S. The service having been
actually made on the defendant, it was not void by rea-
son of the failure to have an affidavit attached to the
notice setting forth the required facts, and the defendant

was bound to take notice of the return that was made, and of the order of the court allowing the notice to be withdrawn. Freeman on Judg., sec. 126. The statute requiring the return to be attached to the notice is merely directory, and the omission to so attach it would not, of itself, warrant the court in setting aside the judgment. Cartwright *v.* Chabert, 3 Tex., 261.

AFFIRMED.